United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-33948 |
| FIELDWOOD ENERGY LLC, *et al.*, | § | |
| | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |
| | § | |
| APACHE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3137 |
| | § | |
| ZURICH AMERICAN INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION

This matter concerns a motion by the Sureties to dismiss Apache's complaint. The Sureties allege that the Court does not have post-confirmation jurisdiction to adjudicate Apache's claims. They also contend that the complaint must be dismissed because Apache did not properly serve them under Fed. R. Civ. P. 4.

Apache's claims require the interpretation and enforcement of Fieldwood's plan. The Court has jurisdiction to interpret and enforce its own prior orders. The Sureties' lack of service argument is premature. The Sureties' motion to dismiss is denied.

### BACKGROUND

On June 21, 2023, Zurich American Insurance Company, HCC International Insurance Company PLC, Philadelphia Indemnity

Insurance Company, and Everest Reinsurance Company sued Apache Corporation in Harris County state court in an attempt to discharge their obligations under certain surety bonds and letters of credit issued in Apache's favor pursuant to a decommissioning agreement between Apache and Fieldwood Energy LLC.[1] Apache removed the state court lawsuit to this Court and moved to enforce an injunction contained in Fieldwood's plan of reorganization. ECF No. 5 at 29–32. This Court held that the state court lawsuit violated the plan injunction by raising claims that were released pursuant to the plan and the Court's confirmation order. ECF No. 64 at 124. The Court declared the state court lawsuit void. ECF No. 64 at 125.

Apache asserted a counterclaim against the Sureties in state court. ECF No. 1-49. Following the removal, Apache filed its first amended counterclaim against the Sureties in this Court on August 14, 2023. ECF No. 24 at 1. On January 19, 2024, Apache filed a motion for leave to pursue its counterclaim against Everest Reinsurance Company and Philadelphia Indemnity Insurance Company.[2] ECF No. 73. On September 12, 2024, the Court authorized Apache to assert its counterclaim and entered an order treating the counterclaim as Apache's operative complaint filed on the date of entry of the order. ECF No. 92 at 1.

On October 14, 2024, Everest and Philadelphia filed a motion to dismiss Apache's complaint under Federal Rules of Civil Procedure 12(b)(1) and (5). ECF No. 118. Everest and Philadelphia contend that Apache's complaint asserts only post-effective date state law causes of action, and accordingly, that the Court does not have post-confirmation jurisdiction to adjudicate Apache's claims. ECF No. 118 at 15–22. Everest and Philadelphia also argue that the complaint must be dismissed because Apache has failed to serve the complaint as required

---

[1] For further background, see the Court's Memorandum Opinion at ECF No. 91.

[2] It is unclear whether Apache intends to pursue its claims against Zurich and HCCI.

by Federal Rule of Civil Procedure 4. ECF No. 118 at 22–23. HCCI and Zurich joined the motion on November 18, 2024. ECF No. 147.

## LEGAL STANDARD

"A motion under 12(b)(1) should be granted only if it appears certain that a plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Id.* (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty., Texas*, 798 F.2d 736, 741 (5th Cir. 1986).

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

## DISCUSSION

The Sureties move to dismiss Apache's complaint for lack of jurisdiction and insufficient service of process. The Court has jurisdiction, and Apache's deadline for serving its complaint has not expired. The motion to dismiss is denied.

### I. THE COURT HAS POST-CONFIRMATION JURISDICTION OVER APACHE'S CLAIMS

The Sureties dispute the Court's post-confirmation jurisdiction to adjudicate Apache's claims. Their contentions center around the argument that this adversary proceeding involves the litigation of post-

confirmation state-law-based rights under contracts between non-debtors (i.e., the surety bonds). ECF No. 118 at 21–22. They contend, because resolution of the dispute would not involve, or only nominally involve, rights created by Fieldwood's plan and plan documents, the Court does not have post-confirmation jurisdiction to adjudicate the claims under 28 U.S.C. § 1334. ECF No. 151 at 3–6.

28 U.S.C. § 1334 lists four types of matters over which the district court has subject matter jurisdiction in a bankruptcy proceeding: cases under title 11, proceedings arising under title 11, proceedings arising under a case under title 11, and proceedings related to a case under title 11. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987) (quoting 28 U.S.C. § 1334). "Because section 1334(b) defines jurisdiction conjunctively, a district court has jurisdiction over the subject matter if it is at least related to the underlying bankruptcy." *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir. 1993) (citing *Fed. Deposit Ins. Corp. v. Majestic Energy Corp. (In re Majestic Energy Corp.)*, 835 F.2d 87, 90 (5th Cir. 1988)).

"In the post-confirmation context, the Fifth Circuit has determined that bankruptcy courts have 'arising under' subject matter jurisdiction to issue declaratory judgments interpreting the plan." *Quarternorth Energy LLC and Certain of its Affiliates v. Atl. Mar. Serv. (In re Fieldwood Energy LLC)*, No. 20-33948, 2021 WL 4839321, at *4 (Bankr. S.D. Tex. Oct. 15, 2021) (citing *Mackey v. M.C. Inv. (In re Martinez)*, No. 00–40412, 2000 WL 34508398, at *1 (5th Cir. Oct. 5, 2000)). A bankruptcy court has post-confirmation "related to" jurisdiction if the dispute "'pertain[s] to the implementation or execution' of the debtor's reorganization plan[.]" *Natixis Funding Corp. v. GenOn Mid-Atl., L.L.C. (In re GenOn Mid-Atl. Dev., L.L.C.)*, 42 F.4th 523, 534 (5th Cir. 2022) (quoting *U.S. Brass Corp. v. Travelers Ins. Grp. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir. 2002)). The Fifth Circuit has confirmed that this standard is met if the dispute "implicate[s] a specific plan's provision or the parties' bankruptcy-law rights or responsibilities." *Id.* at 538 (footnote omitted). Post-

confirmation jurisdiction is often found "only after observing that the parties' post-confirmation dispute 'principally dealt with [pre]-confirmation relations between the parties[.]'" *Id.* (quoting *Craig's Stores of Tex., Inc. v. Bank of La. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 391 (5th Cir. 2001)). Of course, a bankruptcy court also maintains jurisdiction "to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

The Court has, at a minimum, related to jurisdiction over Apache's claims. Fieldwood's plan and the confirmation order preserve the Court's jurisdiction with respect to post-confirmation disputes relating to the enforcement or implementation of the plan. Case No. 20-33948, ECF No. 1742 at 93–94; 1751 at 116. The Court has previously found that Apache's claims for relief seek to enforce "Apache's ability to draw on the bonds and letters of credit and prevent the Sureties from asserting any released pre-effective date defenses to Apache's draws." ECF No. 91 at 31. The Court found that Apache's right to draws, although created by pre-bankruptcy contracts between Apache, the Sureties, and Fieldwood, are dependent on the obligations created through the Apache-Surety confirmation agreements, which were incorporated into Fieldwood's plan as central features of the plan's confirmability and feasibility. ECF No. 91 at 30.

When the Court found that the Sureties' state court lawsuit was void, the Court determined that the Sureties were claiming that there was a post-confirmation breach when the allegations were centered on pre-confirmation conduct. To discern whether the Sureties are engaging in artifice to relitigate what this Court has already decided, the Court is exercising jurisdiction to enforce its own orders. Moreover, the disputes revolve around more than the basic suretyship agreements. The disputes concern the interpretation and application of the plan's provisions. Either of those two bases are sufficient to establish subject matter jurisdiction under Fifth Circuit law.

This is not a case where "no facts or law deriving from the reorganization or the plan [is] necessary" to adjudicate the dispute. *See*

*Craig's Stores of Texas, Inc.*, 266 F.3d at 391. The Court found the confirmation agreements essential for ensuring funding of Fieldwood's decommissioning obligations, which directly impact the feasibility of Fieldwood's plan. This adversary proceeding directly pertains to the implementation and execution of the plan. Courts have found post-confirmation jurisdiction under these circumstances. *See Citizens Bank & Tr. Co. v. Case (In re Case)*, 937 F.2d 1014, 1019–20 (5th Cir. 1991) (finding post-confirmation jurisdiction over a dispute regarding a post-confirmation agreement to satisfy a promissory note that "was provided for in, and executed as an integral part of, the settlement agreement and reorganization plan" because, if proven, the agreement "would have altered the express terms of the reorganization plan"); *GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th at 535–39 (finding post-confirmation jurisdiction over "non-debtors disputing state-law claims" concerning rights under a settlement agreement the bankruptcy court "enshrined . . . in the plan"); *Hartley v. Wells Fargo Bank, N.A. (In re Talsma)*, 509 B.R. 535, 548–50 (Bankr. N.D. Tex. 2014) (finding post-confirmation jurisdiction over a dispute regarding payment obligations under a note and security agreement because "implementing and executing the Plan necessarily extends to the Plan Documents because those documents were integral to the confirmation and eventual consummation of the Plan, tied to the Plan by cross-referenced provisions, and executed closely in time").

The Court has post-confirmation jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

## II. THE COURT DOES NOT DISMISS APACHE'S COMPLAINT FOR LACK OF SERVICE OF PROCESS

The Sureties allege that Apache's complaint must be dismissed due to a lack of service. ECF No. 118 at 22–23. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

> prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(m) applies in adversary proceeding through Federal Rule of Bankruptcy Procedure 7004(a). Fed. R. Bankr. P. 7004(a).

The parties have not presented any arguments on the question of whether a counterclaim must be served pursuant to Rule 4(m) after being deemed the operative complaint. Nevertheless, the Sureties' lack of service argument is premature. Apache's complaint is treated as filed on September 12, 2024. ECF No. 92 at 1. If service is required, Apache has until December 11, 2024 to serve the complaint.

## CONCLUSION

The Court will issue an order consistent with this Memorandum Opinion.

SIGNED 11/25/2024

_____
Marvin Isgur
United States Bankruptcy Judge